Wash, J.,
delivered the opinion of the Court.
This was an action of detinue, brought by Overfield against Bullitt, in thé' Circuit Court, to recover a negro woman slave named Hannah, and her child Andrew, in which judgment was given by the Circuit Court for the defendantj from which the plaintiff appealed, and to reverse which now prosecutes his appeal in this Court. The substantial facts, as preserved in the bill of exceptions, are, concisely, that in January, 1820, one Levi Wolverton was owner of Hannah, one of the slaves in question; that about that time said Wolverton died, leaving a widow, without issue ; that Thomas W. Graves and Samuel Ravenscroft administered upon Wolverton’s estate ; that the slave Hannah was, in January, 1820, delivered by said administrators to Mary Wolverton, the widow and relict of said Levi, as part of her distributive share of the estate of her deceased husband; that said Mary continued in possession of said slave, Hannah, until March, 1823, when she intermarried with Overfield, the plaintiff, who continued in possession of said slave, Hannah, together with her child, Andrew, (born after the delivery of Hannah to the widow of Wolverton, by his administrators,) until the 23d of September, 1825, when the same were taken out of his possession by the Sheriff of Cape Girardeau county, and sold to satisfy a judgment and execution against the administrators of Wolverton, at which sale the defendant became the purchaser.
Very many points have been raised, which need not be particularly noticed. Those which go to the merits of the action are:
First. Have administrators the right or power to sell or dispose of the personal estate of the intestate, so as to pass the title to purchasers, distributers, &c., clear of the claims of creditors, &c.
Second. Did the administrators, in the case under consideration, make distribution or deliver the slave Hannah, to the widow, as part of her distributive share of the estate of her deceased husband ?
Third. Will tl)e action of detipue lip, in a case like the present, where the plaintiff’s possession has been divested or destroyed, by the tortious act of the Sheriff?
As to the first point, the claims or demands of creditors, distributers, and residuary legatees, are personal, against executors or administrators, and if they misapply the assets over which they fyave an absolute power of alienation, they commit a devasta- ' fit, for which thgir own property, and that of their securities is responsible: see (look’s Reports, 205-6 j Bay’s Rep., 321; Toller’s Laws of Executors, 239-41-44.
*538 The second point was purely for the determination of the Circuit Court, sitting as a jury. The evidence given might not have been sufficient to justify the finding of the fact, that the administrators had both joined in the delivery of the slave, Hannah, to the widow of 'W’olverton. But there was certainly some testimony from which the jury might have inferred that fact, and the Court erred, in deciding as they seem to have done from the bill of exceptions, that there was no evidence that said administrators had delivered said negro woman, Hannah, to said widow in distribution.
On the third point, the law, in the opinion of this Court, is with the plaintiff.- It was once a common doctrine, that detinue would not lie where the goods had been taken from the plaintiff’s possession tortiously; but that doctrine may now be considered as exploded: (see 1 Wash, 308, and following; 1 Chit. 119, and the authorities therein cited).
The judgment of the Circuit Court is, therefore, reversed, and this cause remanded for a new trial, in conformity to the principles of this decision.